UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| EDHAM MAMET, et al. | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil No. 05-1602 (ESH) |
| GEORGE W. BUSH, et al., | ) ) ) | |
| Respondents. | ) ) | |

## MEMORANDUM ORDER

Petitioner Edham Mamet has been held as a prisoner at the United States Naval Station, Guantanamo Bay, Cuba ("Guantanamo") for more than three years. He is believed to be a Muslim Uighur, an ethnic minority repressed by the Chinese government. (*See* Pets.' Mot. for a Prelim. Inj. ["Pets.' Mot."] at 2, 32.) Whereas a number of Uighars detained in Guantanamo as "enemy combatants" have been exonerated, *see Qassim v. Bush*, Mem. Order, Civ. No. 05-497 (JR) (D.D.C. August 19, 2005), Mamet's status remains that of an "enemy combatant." (*See* Resps.' Mot. to Stay, Decl. of Joseph S. Imburgia, attach.). Nevertheless, petitioners are concerned that Mamet faces imminent transfer to his homeland of China or to another country that will subsequently repatriate him to China.

Presently before the Court is respondents' motion to stay pending related appeals [#6] and petitioners' motion for a preliminary injunction [#7]. Specifically, petitioners request that the Court enjoin the government from transferring Mamet from Guantanamo to any other location

absent thirty days advance written notice to petitioner and his counsel. (Pets.' Mot. at 1.) They argue that, given the Chinese government's known abuse of Uighurs (*see* Pets.' Mot., Ex. 1 at 2, 32), "any rendition of Petitioner to his homeland of China would be disastrous." (*Id.* at 6.) Petitioners cite evidence of China's "particularly harsh" treatment of Uighurs-- including prolonged detention and executions-- even, in one case, where a Uighur had been granted refugee status upon his forcible repatriation from Nepal. (*Id.* at 6; *id.*, Ex. 1 at 32.) They note that an ostensible "'release' to China may be the functional equivalent of continued detention and torture" (*id.* at 10 n.2) and also fear release to a country that will "collapse under pressure from the Chinese government to repatriate them to China." (*Id.* at 3.)

It is hereby

**ORDERED** that petitioners' motion for a preliminary injunction is **DENIED**. It is further

**ORDERED** that respondents' motion to stay is **GRANTED** and *Mamet v. Bush*, No. 05-1602, is **STAYED** pending resolution of all appeals in *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005), and *Khalid v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005). This stay shall not, however, prevent the parties from availing themselves of the procedures set forth in the Protective Order entered by this Court on September 15, 2005 [#4], nor shall it bar the filing or disposition of any motion for emergency relief.

As a condition of the stay, it is further **ORDERED** that respondents shall file notice with the Court 30 days prior to any transfer of Mamet to a foreign country. Such notice will include the proposed country and date of transfer. *See Kiyemba v. Bush*, Civ. No. 1509 (RMU) (D.D.C. Sept. 13, 2005) (requiring notice to Court and counsel prior to transfer as condition of stay);

*Deghayes v. Bush*, Civ. No. 04-2215 (RMC) (D.D.C. June 15, 2005) (requiring notice to Court prior to transfer to Libya given reported use of torture in Libyan prison system and United States' lack of assurance that petitioner would not be transferred there).

    It is further **ORDERED** that, to ensure that the proceedings can continue in an orderly fashion in the event that the detainees prevail on appeal, respondents shall provide factual returns to Mamet's counsel within 90 days of the date of this Order.

                                                                           s/
                                        ELLEN SEGAL HUVELLE
                                        United States District Judge

Date:  September 30, 2005