IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EDHAM MAMET and <br>     IBRAHIM MAMET, as Next <br>     Friend of EDHAM MAMET, <br><br>                   Petitioner, <br><br>                v. <br><br> GEORGE W. BUSH, President of <br>     the United States, *et al.*, <br><br>                   Respondents. | Civil Action No. 05-1602 (ESH) |

**RESPONDENTS' OPPOSITION TO PETITIONER'S
"EMERGENCY" MOTION FOR PRODUCTION OF THE BODY**

Petitioner's Emergency Motion for Production of the Body (dkt. no. 15) ("Pet'r's Mot."), should be denied. Petitioner requests that the Court vacate the stay of these proceedings that it entered on September 30, 2005, and order that he immediately be brought to the District of Columbia for a hearing on the merits of his *habeas corpus* petition. As respondents have already shown, however, in filings they have made in this case, and in pending *habeas corpus* cases brought by other Guantanamo Bay detainees, this case should remain stayed until the D.C. Circuit's resolution of the appeals in Khalid v. Bush and In re Guantanamo Detainee Cases, and the Court lacks the authority, under any circumstances, to direct that non-resident aliens such as petitioner be brought into the United States.[1] Petitioner offers no grounds or authority to the contrary.

---

[1] See, e.g., Respondents' Motion To Stay Proceedings Pending Related Appeals, and Memorandum in Support Thereof (dkt. no. 6); Respondents' Opposition to Petitioner Saddiq Doe's Motion for Immediate Production of the Body and Grant of Writ, or, in the Alternative, Grant of Interim Release, filed in Kiyemba v. Bush, No. 05-1509 (RMU) (dkt. no. 32) (copy filed herewith as Exhibit 1).

The sole basis proffered for immediately bringing petitioner to the District of Columbia and convening a hearing on his claims is the possibility that Congress may enact an amendment to the *habeas corpus* statute affecting judicial review of his petition. In fact, Congress recently passed such legislation, the Detainee Treatment Act of 2005, and the President is expected to sign it into law soon. The asserted prospect, however, that enactment of such legislation might lead to "delay and litigation over the question whether the purported amendment lawfully may be applied to Petitioner," Pet'r's Mot. at 2, supplies no justification whatsoever for this Court to direct that petitioner be brought to this jurisdiction, even if the Court had the authority to do so (which it does not). If Congress deems it appropriate in the public interest to enact legislation affecting the resolution of petitioner's claims, it is the responsibility of this Court to give due consideration and effect to the Legislative will -- and not, as petitioner suggests, to evade it.

The Supreme Court admonished in Hamdi v. Rumsfeld, 542 U.S. 507, 539-40 (2004), that the lower courts should "proceed with the caution that . . . is necessary," and take only "prudent and incremental" steps when faced with novel issues presented by the *habeas corpus* petitions of military detainees captured in the global war on terror. In the current setting of this case -- where the legal principles applicable to petitioner's claims may soon be resolved by the Court of Appeals, or subject to modification by Congress -- it would be neither prudent nor appropriate to take the kind of precipitous action that petitioner urges upon the Court.

Dated: December 30, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel


 /s/ James J. Gilligan
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ (D.C. Bar No. 468625)
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
JAMES J. GILLIGAN
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7212
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents