IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ) | Misc. No. 08-442 (TFH) |
| IN RE: ) | |
| ) | Civ. Action No. 05-1509 (RMU) |
| GUANTANAMO BAY ) | Civ. Action No. 05-1602 (RMU) |
| DETAINEE LITIGATION ) | Civ. Action No. 05-1704 (RMU) |
| ) | Civ. Action No. 05-2370 (RMU) |
| ) | Civ. Action No. 05-2386 (RMU) |
| ) | Civ. Action No. 05-2398 (RMU) |
| ) | |

**RESPONDENTS' RESPONSE TO UIGHUR PETITIONERS'
MOTION TO USE CSRTS PROVIDED IN DTA ACTION IN THIS CASE**

Petitioners on this motion are nine Uighurs, an ethnic Muslim minority from the northwestern Chinese province of Xinjiang. Each has been adjudicated an enemy combatant by a Combat Status Review Tribunal (CSRT) and is currently being detained at Guantanamo Bay. These nine petitioners seek to use in their respective habeas actions the classified evidentiary records provided to their respective CSRTs, records that have been previously disclosed in the petitioners' parallel actions under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat. 2680 (2005) (DTA).[1] As these petitioners candidly admit, they seek to use these records so that they may attempt to mirror in their habeas actions the apparent success of a fellow Uighur in Parhat v. Gates, 2008 WL 2576977 (D.C. Cir. June 20, 2008), a non-habeas case under the DTA. Pets.' Mot. at 2-3. Subject to adherence to the standard protective orders entered in each of the habeas cases, respondents agree that these petitioners may use the classified CSRT records

---

[1] An additional four Uighurs have had their classified CSRT records filed in their habeas cases. Uighur Pets.' Mot. To Use CSRTS Provided in DTA Actions In This Case (Pets.' Mot.) at 3. Four others have never had access to their classified CSRT records. Id.

1

already filed in their DTA action here in their habeas cases, as long as that is done in a manner consistent with the protective orders.

To the extent petitioners, by this motion, also seek to limit respondents' factual returns in these cases to just the classified CSRT records, see Pets.' Mot. at 4, n.1 ("To be clear, this is the exact same document, the CSRT record, that Petitioners would have received as a factual record in this case had Respondents produced one."), however, respondents do not agree and hereby oppose. Since the Supreme Court's decision in Boumediene v. Bush, 128 S.Ct. 2229 (2008), respondents have consistently taken the position before this Court that they must be allowed to amend, as appropriate, any previously submitted factual returns to make the best case possible for the continued detention of these adjudicated enemy combatants. In many, if not all, of the cases in which a factual return has previously been filed, those returns were submitted years ago. At the time, those factual returns often consisted of just the CSRT record and nothing more. But things change, and respondents are entitled to put before the Court the best information they have that justifies the detention of these enemy combatants. Further intelligence information about detainees may have been acquired since the time the CSRT records were filed, for example. As importantly, the legal framework and burdens of proof have been altered by the courts, as Boumediene and Parhat demonstrate. Boumediene, 128 S.Ct. at 2271 (ruling that aliens held at Guantanamo Bay as enemy combatants are entitled to seek the writ of habeas corpus); Parhat, 2008 WL 2576977 at * 11-13 (ruling that a statutory rebuttable presumption establishing that the government's evidence in a CSRT record is genuine and accurate still required the government to disclose the source of intelligence information so that its reliability may be assessed). Thus, information that may have been excluded from the CSRT records as unnecessary or as a security

risk at the time may now be appropriate to establish the validity of detention.  By the same token, information included in a CSRT record previously might now be deemed not to be appropriate to be included in a factual return.  Accordingly, this Court has recognized that respondents at least have a right to seek to amend previously filed factual returns.  Order, July 11, 2008, at 3-4.

Parhat itself fully supports the government's right to submit information beyond that submitted to a CSRT.  There, under the DTA, the District of Columbia Circuit reviewed a CSRT's determination that the petitioner was an enemy combatant.  2008 WL 2576977 at * 1.  Pursuant to the DTA, this review was limited to whether the CSRT's finding that an alien is an enemy combatant was consistent with the standards and procedures for that determination as specified by the Secretary of Defense, and to whether the Secretary's standards and procedures are consistent with the Constitution and laws of the United States.  Pub. L. No. 109-148, § 1005(e)(2)(C).  Applying this standard, the Court held that the CSRT's reliance on unsourced intelligence products violated the Secretary's instructions to verify the reliability of certain evidence submitted to it.  2008 WL 2576977 at * 11-13.  Without that evidence, the Court found that the government could not establish two of the three prongs necessary to establish that the petitioner was an enemy combatant.  Id. at *9-12.  Consequently, the Court vacated the determination that Parhat was an enemy combatant.  Id. at *14-15.  But refusing to order that the Uighur petitioner's release was the only appropriate relief, the court chose rather to allow the government the option of providing that petitioner another CSRT using additional, reliable evidence not presented to the first tribunal.  Id.  Thus, even the decision relied on by petitioners here to justify their use of the classified CSRT records stands for the proposition that the government should not be restricted solely to that information.

Accordingly, respondents respectfully request that the Court deny this motion insofar as it can be read as seeking to restrict respondents' factual returns to just the classified CSRT records in these cases.

## CONCLUSION

Respondents do not object to the use by the nine petitioners in their respective habeas cases of the their previously disclosed classified CSRT records, subject to the terms of the applicable protective orders. To the extent that the motion seeks to limit the respondents' factual returns in these cases to these records, however, respondents respectfully request that the motion be denied.

Dated: August 1, 2008

Respectfully submitted,

GREGORY KATSAS
Assistant Attorney General

JOHN C. O'QUINN
Deputy Assistant Attorney General

  /s/ Ronald J. Wiltsie
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
ANDREW I. WARDEN
RONALD J. WILTSIE (D.C. Bar No. 431562)
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC  20044
Tel:  (202) 514-3969

Attorneys for Respondents